# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ALFONZA A. HARROLD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:07CV513 HEA/TIA |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Alfonza Harrold's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for a report and recommendation on dispositive matters and for rulings on non-dispositive matters. Having reviewed the case, the undersigned recommends that the petition be dismissed.

On February 21, 2002, Harrold was charged by indictment, as a prior and persistent offender, with one count of first degree robbery and one count of armed criminal action. Resp. Exh. 1 at 7-8. On August 19, 2003, Harrold pled guilty on both counts. Id. at 9-28. On October 24, 2003, the court sentenced Harrold as a prior and persistent offender to twenty years on the robbery count and ten years on the armed criminal action count, with the sentences to run concurrently. Id. at 41-42.

Harrold timely filed a Rule 24.035 motion for post-conviction relief, in which he argued that counsel was ineffective for failing to interview any witnesses or investigate Harrold's claims of innocence and, but for counsel's ineffectiveness, Harrold would have insisted on going to trial. Id. at 58-78. The post-conviction court denied the Rule 24.035 motion without holding an evidentiary hearing, finding that the record showed that Harrold's plea was voluntary. Id. at 87-93. The Missouri Court of Appeals summarily affirmed the denial of Harrold's Rule 24.035 motion on September 26, 2006. Resp. Exh. 4 at 1-2.

Harrold is currently confined at Southeast Correctional Center. In the instant petition, Harrold raises one ground for relief: that plea counsel, Sara Serot, was ineffective for failing to interview any witnesses or investigate his claim of innocence and that counsel's ineffectiveness compelled him to plead guilty against his wishes. Respondent argues that the petition should be dismissed because the record directly contradicts Harrold's claim. Respondent is correct.

During the plea colloquy, the court asked Harrold several questions relating to Serot's performance in his case and the voluntary nature of his plea:

> The Court: Have you told Ms. Serot everything you know about the facts and circumstances surrounding these two charges against you?
>
> [Harrold]: Yes, sir.

The Court: Do you have any witnesses you would want Ms. Serot to bring to Court for you if this case went to trial?

[Harrold]: No, sir. I don't have no witnesses.

The Court: Has Ms. Serot answered all your questions and done everything you've asked her to do?

[Harrold]: Yes, sir.

The Court: Are you satisfied with the work she's done and the answers she's given you?

[Harrold]: Yes, sir.

The Court: Has she explained your rights to you Mr. Harrold so you understand what your rights are and how they protect you?

[Harrold]: Yes, sir.

The Court: Do you have any complaints at this point about how Ms. Serot has handled this case for you?

[Harrold]: No. No, sir. No, sir.

The Court: Have you talked to Ms. Serot enough about all aspects of this case so that you're ready this afternoon to make a voluntary and independent decision about how you want to plead?

[Harrold]: Yes, sir.

The Court: Has anyone promised you anything, Ms. Serot or anyone else promised you anything to get you to plead guilty?

[Harrold]: No, sir.

* * *

> The Court: Has anyone threatened, intimidated or mistreated you or done anything against anyone you care about in order to force you to plead guilty?
>
> [Harrold]: No, sir.
>
> The Court: Has anyone told you to lie to me or to withhold information from me at this hearing?
>
> [Harrold]: No, sir.
>
> The Court: Have you held back any information that you think it would really be important for me to know?
>
> [Harrold]: No, sir.
>
> The Court: Have all your answers so far Mr. Harrold been truthful answers?
>
> [Harrold]: Yes, sir.
>
> The Court: You know you're still under oath to tell the truth?
>
> [Harrold]: Yes, sir.

Resp. Exh. 1 at 23-26.

During the sentencing hearing, the court again questioned Harrold about Serot's performance:

> The Court: Did you have enough time to talk with [Serot] about all aspects of your case before you made your decision to plead guilty?
>
> [Harrold]: Yes, sir.
>
> The Court: Did you have any witnesses that you wanted Ms. Serot to bring to Court for you if this case went to trial?

[Harrold]: No, sir.

The Court: Did Ms. Serot answer all your questions and do everything that you asked her to do?

[Harrold]: Yes, sir.

The Court: Are you satisfied with the work she did and the answers she gave you?

[Harrold]: Yes, sir.

The Court: Did she explain your rights to you so you could understand what your rights were and how they would protect you?

[Harrold]: Yes, sir.

The Court: Good. Did you talk to – you have any complaints at this point about how Ms. Serot handled this case for you?

[Harrold]: No, sir.

The Court: Other than telling you about plea negotiations, did Ms. Serot make any promises to you or any threats against you in order to get you to plead guilty?

[Harrold]: No, sir.

The Court: Is there anything else you want to say to me Mr. Harrold about the work that Ms. Serot did for you as your lawyer?

[Harrold]: She did pretty all right. She did nice. She did a good job.

Resp. Exh. 1 at 48-50.

"[O]nce a person has entered a guilty plea any 'subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.'" Tran v. Lockhart, 849 F.2d 1064, 1068 (8th Cir. 1988) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1976)). The allegations in Harrold's petition are wholly conclusory and unsupported by specifics. That is, Harrold does not state which witnesses Serot failed to interview or what facts Serot failed to investigate regarding his claim of actual innocence. Additionally, even if he were to have stated specifically the persons and facts Serot failed to investigate, Harrold's contentions would be wholly incredible in light of his sworn testimony to the state court that he had no witnesses for Serot to interview and that Serot did everything he asked her to do. Consequently, Harrold is not entitled to habeas relief and his petition should be summarily dismissed.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Brown's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed without further proceedings.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability issue.

The parties are advised that they have ten (10) days to file written objections to this Report and Recommendation. Fail to timely file objections may result in waiver

of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

                                                                               /s/ Terry I. Adelman
                                           UNITED STATES MAGISTRATE JUDGE

Dated this  26th  day of August, 2008.